```
ELGUINDY, MEYER & KOEGEL, APC
DAVID L. PRICE, State Bar Number 088696
    dprice@emklawyers.com
BENJAMIN D. KOEGEL, State Bar Number 266308
    bkoegel@emklawyers.com
W. PATRICK CRONICAN, State Bar Number 300645
    pcronican@emklawyers.com
2990 Lava Ridge Court, Suite 205
Roseville, CA 95661
Telephone:  (916) 778-3310
Facsimile:   (916) 330-4433

Attorneys for Plaintiff INFINITY ENERGY, INC.,
a California Corporation
```

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY ENERGY, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITE ENERGY HOMES SERVICES, INC.,<br><br>Defendant. | Case No.: 2:21-cv-00438-WBS-KJN<br><br>**PLAINTIFF INFINITY ENERGY, INC.'S COMPLAINT FOR:**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition, False Designations of Origin**<br>3. **Unlawful, Unfair, Fraudulent Business Practices**<br>4. **Intentional Interference with Prospective Economic Advantage** |

## INTRODUCTION

1. Plaintiff INFINITY ENERGY, INC., a California Corporation ("Infinity"), by and through its counsel, brings this Complaint against Defendant INFINITE ENERGY HOMES SERVICES, INC. ("IEHS") for injunctive relief and damages for trademark infringement, false designation of origin, unfair business practices, and intentional interference with prospective economic advantage arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. (1946) ("Lanham Act") and California statutory and common law.

## PARTIES

2. Plaintiff Infinity is a California corporation organized and existing under the laws of the State of California, having its principal place of business in Rocklin, Placer County, California. Infinity is one of the leaders in the solar energy sales and installation services industry in Northern California.

3. Upon information and belief, Defendant IEHS is a California corporation duly organized under the laws of the State of California, having its principal place in Cameron Park, El Dorado County, California. Plaintiff is informed and believes that IEHS offers and sells solar installation services in Northern California.

## NATURE OF THE ACTION

4. Plaintiff Infinity is in the business of selling and installing Solar energy and battery backup systems. Although Infinity's customers are primarily residential, Plaintiff also provides the same array of services for commercial customers. Although Infinity primarily serves customers in California, it also does business in numerous other Western States.

5. This action derives from Defendant's conduct in endeavoring to market its business off of the good name which Plaintiff has established for itself, infringing on Plaintiff's property rights and entitlements, all as will be set forth herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to section 39 of the Lanham Act, 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal question), 1338(a) (any Act of Congress relating to patents or trademarks), and 1338 (b) (any action asserting claim of unfair competitions joined with a substantial and related claim under the trademark law) for the claims arising out of violations of Sections 32(1)(a) and 43 (a) and (c) of the Lanham Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy. Subject matter jurisdiction over Infinity's related state law claims is proper pursuant to 28 U.S.C. § 1338 and 1367.

7. This Court has personal jurisdiction over IEHS because, on information and belief, IEHS regularly transacts and conducts business within the State of California and within this District; IEHS regularly and systematically directs electronic activity into the State of California with the intent of engaging in business in this District; IEHS owns, uses, and/or possesses real and/or personal property situated in the State of California and within this District; IEHS is registered with the Secretary of State to do business in the State of California and maintains a corporate office within this District; the unlawful, tortious conduct complained of herein caused, and continues to cause, injury to Infinity within the State of California and within this District; and/or IEHS has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

8. The Eastern District of California is a proper venue in this matter under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Infinity is a leader in the solar installation industry in Northern California completing thousands of installations of solar energy systems across the geographical region. Infinity is involved in the advertising, sale, installation and financing of both residential and commercial solar systems and component parts throughout Northern California with a reputation for quality and customer service.

10. As part of the growth of its business, goodwill and reputation, Infinity has utilized the name "Infinity Energy" in commerce since at least 2014. Infinity Energy, Inc. was incorporated in California as of April 21, 2014.

11. To that end, Infinity has received a federal trademark registration for its use of the name "Infinity Energy" in the United States (the "Infinity Trademark"). Attached hereto as Exhibit "1" is a true and correct copy of the federal trademark registration certificate.

12. The Infinity Trademark serves as a source-identifier for genuine Infinity Energy solar systems and is used in connection with the products and services it provides to customers.

13. Infinity has invested significant time, energy and money advertising, promoting,

1 and selling services featuring the Infinity Trademark as well as ensuring the high quality of
2 services which bear the Infinity Trademark.

3   14.   Defendant IEHS operates a business entity under the fictitious business name
4 "Infinite Energy Construction" within El Dorado County (and other surrounding areas all within
5 this District).

6   15.   Indeed, Defendant IEHS owns and runs the website
7 https://www.infiniteengergyco.com which offers and sells solar installation services by a company
8 designated on the website as "Infinite Energy".

9   16.   Defendant IEHS advertises, promotes, markets, offers and sells the installation of
10 solar services using the confusingly similar tradename "Infinite Energy" (the "Infringing Name")
11 throughout the same geographical region in which Infinity utilizes the Infinity Trademark.

12   17.   In or around 2020, Infinity discovered that Defendant IEHS was marketing,
13 offering for sale, and selling solar installation services using the Infringing Name. Accordingly,
14 Infinity sent a cease-and-desist letter to Defendant IEHS regarding its use of the Infringing Name
15 in the offering and sale of solar installation services. A true and correct copy of said letter
16 correspondence is attached hereto as Exhibit "2".

17   18.   Despite actual and constructive knowledge of the Infinity Trademark, Defendant
18 IEHS continues to utilize the Infringing Name without regard for Infinity's intellectual property
19 rights.

20   19.   Defendant IEHS' conduct is likely to cause, and on information and belief, has
21 caused consumers to believe mistakenly that the goods/services advertised and sold with the
22 Infringing Name are either affiliated with, endorsed or authorized by, or somehow connected to
23 Infinity.

24 **FIRST CLAIM FOR RELIEF**
25 **(Federal Trademark Infringement)**

26   20.   Infinity hereby incorporates by reference and realleges each and every allegation of
27 Paragraphs 1 through 19 above.

28   21.   Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a), prohibits any person

1  from using in commerce without the consent of the registrant, any trademark or any reproduction,
2  counterfeit copy, or colorable imitation thereof in connection with the marketing, advertising,
3  distribution, or sale of goods or services which is likely to result in confusion, mistake or
4  deception.

5      22.    The Infinity Trademark is federally registered.  This mark has also acquired
6  notoriety and distinctiveness and is associated in the mind of the public exclusively with Plaintiff
7  Infinity.

8      23.    Defendant's efforts in marketing, promoting, offering for sale, and selling services
9  bearing a name almost identical to Infinity's Trademark (the "Infringing Name") is likely to cause
10 confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of
11 Defendant's goods/services.  As a result of Defendant's unauthorized use of a confusingly similar
12 imitation of Infinity's federally registered mark, the public is likely to believe that Defendant's
13 goods and services have been manufactured, approved by, or are affiliated with Infinity.  Thus,
14 Infinity's ability to gain revenue through the sale of solar installation services bearing the Infinity
15 Trademark is limited.

16     24.    Defendant's use of the confusingly similar imitation of Infinity's Trademark
17 represents Defendant's goods/services as emanating from or being authorized by Infinity and
18 places beyond Infinity's control the quality of products and services bearing the Infinity
19 Trademark.

20     25.    At all relevant times, Defendant had actual and direct knowledge of Infinity's prior
21 use and ownership of the Infinity Trademark.  Further, Infinity's registration of the Trademark
22 gives constructive notice of Infinity's ownership rights to the same.  Defendant's conduct is
23 therefore willful and reflects Defendant's intent to exploit the goodwill and strong brand
24 recognition associated with the Infinity Trademark.

25     26.    Defendant's acts constitute trademark infringement in violation of Section 32 of the
26 Lanham Act, 15 U.S.C. §1114.

27 / / /
28 / / /

27. As a result of Defendant's wrongful conduct, Infinity has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a), Infinity is entitled to recover damages, which includes any and all profits Defendant has made as a result of its wrongful conduct.

28. Infinity is also entitled to injunctive relief pursuant to 15 U.S.C. §1116(a). Infinity has no adequate remedy at law for Defendant's wrongful conduct because, among other things, Defendant's infringement constitutes harm to Infinity such that Infinity cannot be made whole by a monetary award; if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing goods/services; and Defendant's wrongful conduct, and the resulting damage to Infinity, is continuing.

29. Infinity is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition, False Designations of Origin)

30. Infinity hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 29 above.

31. Defendant's use of the confusingly similar Infringing Name has caused, and is likely to cause, confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods/services are manufactured, distributed and/or installed by Infinity, or are affiliated, connected, or associated with Infinity, or have the sponsorship, endorsement, or approval of Infinity.

32. Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods/services in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Infinity's goodwill and reputation as symbolized by Infinity's Trademark, for which Infinity has no adequate remedy at law.

33. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Infinity Trademark to the great and irreparable injury of Infinity.

34. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Infinity. Infinity is entitled to injunctive relief and to recover Defendant's profits, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a) and 1117.

## THIRD CLAIM FOR RELIEF

### (Unlawful, Unfair, Fraudulent Business Practices [California Business & Professions Code § 17200 et seq.])

35. Infinity hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 34 above.

36. Plaintiff brings this claim for relief under the Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq. (hereinafter the "UCL").

37. Defendant's actions, in committed all of the aforesaid acts of infringement, were "fraudulent" acts as meant by the UCL, in that they were reasonably likely to deceive or mislead consumers.

38. Defendants' actions, as alleged herein, include practices which are proscribed by Cal. Civ. Code section 1770. By engaging in such proscribed practices Defendant has committed "unlawful" acts as meant by the UCL.

39. Plaintiff has suffered injury in fact and lost money as a result of Defendant's acts as alleged above.

40. Pursuant to California Bus. & Prof. Code section 17203, Plaintiff seeks an order from this Court permanently enjoining Defendant from engaging in this unlawful and fraudulent conduct as alleged herein.

41. Plaintiff additionally requests an order from this Court requiring that Defendant disgorge profits and return or pay to Plaintiff all of Defendant's ill-gotten gains obtained from the infringing activities, and/or pay restitution, including the amount of monies that should have been



paid to Plaintiff if Defendant complied with its legal obligations.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Advantage

42. Infinity hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 41 above.

43. An economic relationship exists between Plaintiff and its customers (as third parties), with the probability of future economic benefit to Plaintiff in the form of sales and profits.

44. The third parties economically benefitting Plaintiff are specific and identifiable.

45. Defendant has intentionally engaged in wrongful acts designed to interfere with or disrupt the relationship by, including, but not limited to the acts designated supra in paragraphs 14 through 19 of this Complaint.

46. As a proximate result of the actions of Defendant as set forth herein, Infinity's relationships have been disrupted, and Infinity has sustained and continues to sustain substantial damages, all in an amount according to proof at the time of trial.

47. As such actions and conduct were undertaken fraudulently, intentionally, and maliciously, Plaintiff is further entitled to recover punitive damages in an amount as determined by the trier of fact.

WHEREFORE, Infinity prays as follows:

1. That Defendant and all of its agents, officers, employees, representatives, successors, assignees, attorneys, and all other people acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

    a. Using the Infringing Name on or in connection with any of Defendant's goods or services;

    b. Using the Infinity Trademark or any other copy, reproduction, colorable imitation, or simulation of the Infinity Trademark in connection with any of Defendant's goods or services;

   c. Using any trademark, name, or source designation of any kinds on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Infinity, or are sponsored or authorized by Infinity, or are in any way connected or relate to Infinity;

   d. Using the Infringing Name in advertising, promoting, offering for sale, or selling Defendant's goods and/or services; and

   e. Engaging in the unlawful, unfair, or fraudulent business acts or practices described herein pursuant to California *Business and Professions Code* §17200, *et seq.*

2. That Defendant be compelled to account to Infinity for any and all profits derived by Defendant from the utilization of the Infringing Name.

3. That Defendant's profits be disgorged under 15 U.S.C. § 1117(a)

4. That Infinity be awarded all damages caused by the acts forming the basis of this Complaint.

5. That Defendant be required to pay to Infinity the costs and reasonable attorneys' fees incurred by Infinity in this action.

6. For punitive and exemplary damages according to proof and the time of trial and in such sum as the trier of fact deems to be appropriate.

7. That Infinity be awarded prejudgment and post-judgment interest on all monetary awards; and

8. Infinity be granted such other and further relief as the Court may deem just and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury in this action.

Dated: April 26, 2021               Respectfully submitted,

ELGUINDY, MEYER & KOEGEL, APC

By: _____
        David L. Price, Esq.
        Benjamin D. Koegel, Esq.
        W. Patrick Cronican, Esq.
Attorneys for Plaintiff INFINITY ENGERY, INC., a California Corporation

# Exhibit 1

# United States of America
## United States Patent and Trademark Office

# INFINITY ENERGY

**Reg. No. 6,162,823**  Infinity Energy Inc. (CALIFORNIA CORPORATION)
3855 Atherton Rd.
**Registered Sep. 29, 2020**  Rocklin, CALIFORNIA 95765

**Int. Cl.: 37**  CLASS 37: Installation of solar energy systems and alternative energy products for residential and commercial use

**Service Mark**  FIRST USE 10-3-2014; IN COMMERCE 10-3-2014

**Principal Register**  THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "ENERGY"

SER. NO. 88-820,219, FILED 03-04-2020



Director of the United States
Patent and Trademark Office



# Exhibit 2

**CRAIG A. SIMMERMON**                                   Craig@SimmermonLaw.com
Attorney at Law ▪ 3017 Douglas Blvd., Ste. 300, Roseville, CA 95661 ▪ Tel.: (916) 878-6656


October __, 2020


Jason G. Eldred
Krogh & Decker; K & D LLP
555 Capitol Mall, Suite 700
Sacramento Ca 95814


Re:   Prestige Investments Worldwide, LLC's use of the INFINITE ENERGY
      trademark and service mark


Dear Attorney Eldred:

      I represent Infinity Energy Inc., of Rocklin, California, in connection with their intellectual property matters. Infinity Energy Inc., is a leader in the solar installation services industry in Northern California. You are receiving this letter because you are the listed agent for service of process under Prestige Investments Worldwide, LLC, which owns the Fictitious Business Name INFINITE ENRGY CONSTRUCTION in El Dorado County. The Fictitious Business Name INFINITE ENRGY CONSTRUCTION in El Dorado County owns and runs the website https://www.infiniteenergyco.com which offers and sells solar installation services by INFINITE ENERGY.

      Infinity Energy Inc., is the owner of the INFINITY ENERGY® trademark and service mark for solar energy installation services. Infinity Energy Inc., has continuously used the INFINITY ENERGY® trademark and service mark in commerce since at least as early as October 2014. Northern California consumers strongly associate the INFINITY ENERGY® mark with Infinity Energy Inc., as a result of this extended continuous commercial use of the INFINITY ENERGY® mark. Moreover, Infinity Energy Inc., has obtained a U.S. Trademark Registration for the phrase INFINITY ENERGY under U.S. Registration No. 6,162,823 for the installation of solar energy systems and alternative energy products for residential and commercial use. A copy of this U.S. trademark registration certificate is attached to this letter.

      Since at least as early as 2014, Infinity Energy Inc., has invested substantially in the development and use of the INFINITY ENERGY® trademark and service mark in connection with solar installation services. Infinity Energy Inc.'s extended prior use of the INFINITY ENERGY® trade name, combined with the corresponding U.S. Trademark Registration for INFINITY ENERGY under U.S. Registration No. 6,162,823 for the installation of solar energy systems and alternative energy products for residential

Page 1 of 3

and commercial use, entitles Infinity Energy Inc. to exclusive use of the INFINITY ENERGY® mark throughout the United States. Infinity Energy Inc., views this mark as a valuable corporate asset that will be protected to the fullest extent allowable by law.

Our attention was recently directed to your company's commercial use of the INFINITE ENERGY mark. Two screen shot printouts of the commercial use of this mark on your company's website are enclosed with this letter. It is clear that your company has adopted the name INFINITE ENERGY as a trademark and service mark for solar installation services. We are greatly concerned about your company's use of the INFINITE ENERGY trade name because there is considerable confusion in the market place between Infinity Energy Inc.'s INFINITY ENERGY® mark and Prestige Investments Worldwide, LLC's INFINITE ENERGY mark. There is only a one letter difference between the two marks. Further, the one letter that is different is an E that when pronounced with the long vowel sound results in the exact same phrase that is read as "infinity energy". When a consumer searches for INFINITY ENERGY on the internet, your INFINITE ENERGY mark surfaces as the first or second search choice and vice versa. Infinity Energy Inc., receives multiple calls per week from consumers that attempting to reach Prestige Investments Worldwide, LLC. I would also bet that Prestige Investments Worldwide, LLC is receiving multiple calls per week from consumers who are trying to reach Infinity Energy Inc. This means that there is a substantial likelihood of confusion resulting from the concurrent use of the extremely similar marks for the exact same goods and services. This likelihood of confusion puts Infinity Energy Inc.'s reputation at risk, because it has no ability to control the efficacy or quality of the goods and services offered by Prestige Investments Worldwide, LLC.

Consequently, your use of the similar trademark in connection with the same goods and services that are offered by Infinity Energy Inc., constitutes trademark infringement, false designation of origin, and unfair competition in violation of California State Common Law rights and the federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. Section 1051 et seq. We presume your knowing and willful adoption of the INFINITE ENERGY name was an intentional attempt to ride off of the goodwill and reputation that Infinity Energy Inc., have worked for many years to create.

Accordingly, we hereby demand that the Prestige Investments Worldwide, LLC, its affiliates, subsidiaries, related companies, or any individuals related to or working with it, cease and desist from all use of the INFINITE ENERGY trade name along with any other trademark or service mark confusingly similar to my client's mark. In addition, it may be necessary for your company to engage in corrective advertising in order to clarify the relationship, specifically the lack thereof, between Infinity Energy Inc., and Prestige Investments Worldwide, LLC. We also seek your cooperation in identifying any other instances of actual confusion that may have been discovered by Prestige Investments Worldwide, LLC as to its relationship with Infinity Energy Inc.

If we do not receive Prestige Investments Worldwide, LLC's complete response and cooperation in this matter on or before December 1, 2020, we will assume that Prestige Investments Worldwide, LLC does not intend to cooperate and will take

Page 2 of 3

whatever legal action may be required to protect the rights of Infinity Energy Inc. However, we are optimistic that you respect the intellectual property rights of others and will fully cooperate in order to minimize further cost to either party.

    If you have any questions or would like to discuss this matter further, please contact me directly.

                          Sincerely,

                          Craig A. Simmermon