**KROGH & DECKER, LLP**
SHAWN M. KROGH, SBN 227116
　*shawnkrogh@kroghdecker.com*
MICHAEL D. CRODDY, SBN 198489
　*michaelcroddy@kroghdecker.com*
ÇAĞIL AREL, SBN 333564
　*cagilarel@kroghdecker.com*
555 Capitol Mall, Suite 700
Sacramento, California 95814
916.498.9000 (p)
916.498.9005 (f)
Attorneys for Defendant,
Infinite Energy Home Services, Inc.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY ENERGY, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INFINITE ENERGY HOME SERVICES, INC., a California Corporation,<br><br>　　　　Defendant. | Case No. 2:21-cv-00438-WBS-KJN<br>Hon. William B. Shubb<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS**<br>**IN SUPPORT OF**<br>**MOTION FOR SUMMARY JUDGMENT,**<br>**OR IN THE ALTERNATIVE,**<br>**MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　May 30, 2023<br>Time:　　　1:30 p.m.<br>Location: Courtroom 5 |

　　Defendant INFINITE ENERGY HOME SERVICES, Inc. respectfully submits this Statement of Undisputed Facts in support of Defendant's Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment, as required by Rule 56 of the Federal Rules of Civil Procedure and L.R. 260(a).

　　All "Def. Ex." References herein are to the Arel Declaration that attaches all relevant evidence. The Exhibits are also identified by shorthand for ease of reference: Kelly is the Person



1

Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

most Qualified for Plaintiff; Expert Farrell is Plaintiff's Expert Patrick Farrell, and Expert Harper is Defendant's Rebuttal Expert Rhonda Harper.

**FACTS NOT IN DISPUTE**

| Fact | Evidence |
|---|---|
| 1.   Plaintiff's mark Infinity Energy is registered under International Class 037 for the installation of Solar energy systems and alternative energy products for residential and commercial use. | Plaintiff's First Amended Complaint ("Am. Compl."), Ex. 1, ¶ 1-3, ECF No. 7; Def.s Ex. A, ¶ 1-3. |
| 2.   Plaintiff's mark Infinity Energy is registered as a standard word character mark, and does not claim a particular style, size, font, or color as a feature of the mark. | Pl.'s Am. Compl., Ex. 1, ¶ 5, ECF No. 7; Def. Ex. A |
| 3.   On May 26, 2020, USPTO sent an Office Action to Plaintiff that a disclaimer was required for registration. | Def. Ex. P |



Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| 4. The word Energy is disclaimed from Plaintiff's mark Infinity Energy. | Am. Compl., Ex. 1, ¶ 5, Def. Ex. A |
| 5. Plaintiff registered its mark Infinity Energy with the United States Patent and Trademark Office on September 29, 2020. | Am. Compl., Ex. 1, Def. Ex. A |
| 6. The dictionary definition of "Infinity" is unlimited extent of time, space, or quantity. | Def. Ex. B, Dictionary Definition "*Infinity*" *Merriam-Webster.com Dictionary*, Merriam-Webster, (Apr. 10, 2023) https://www.merriam-webster.com/dictionary/infinity/. |
| 7. Plaintiff's Chief Sales Officers, Kelly Cameron, who came up with the name Infinity Energy, believes that the name is not unique. | Def. Ex. D, Deposition of Kelly Cameron ("Kelly Dep.")31:5-7 |
| 8. Infinity and Infinite are two separate words; and one is a noun, the other is an adjective. | Def. Ex. B, Dictionary Definition "*Infinity*" *Merriam-Webster.com Dictionary*, Merriam-Webster, (Apr. 10, 2023) https://www.merriam-webster.com/dictionary/infinit |



3

| | |
|---|---|
| | y/.<br><br>Def. Ex. C, Dictionary Definition "*Infinite*" *Merriam-Webster.com Dictionary*, Merriam-Webster, (Apr. 10, 2023) https://www.merriam-webster.com/dictionary/infinite/.<br><br>Def. Ex. D, Kelly Dep. 25:17-22<br><br>Def. Ex. L, Expert Farrell, ¶¶ 12, 13 |
| 9. Plaintiff's mark Infinity Energy is associated with getting an infinite supply of energy from the Sun, which is where Solar energy comes from. | Def. Ex. D, Kelly Dep. 31:23-32:3<br><br>Exhibit T |
| 10. Plaintiff is not the only company who uses Infinity Energy or includes Infinity Energy in their name to provide services in the Solar energy industry. | Def. Ex. E<br><br>Def. Ex. F<br><br>Def. Ex. D, Kelly Dep. 36:4 - 37-4;<br><br>Def. Ex. L, Expert Farrell ¶ 17 |



4

Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| 11.  There are 66 live USPTO trademarks with the word INFINITY in exact or alternative spelling registered under International Class 037. | Def. Ex. E |
| 12.  There are 20 live USPTO trademarks with the word INFINITY in exact or alternative spelling for Solar goods or services. | Def. Ex. F |
| 13.  There are 841 live USPTO trademarks with the word ENERGY within the Solar industry. | Def. Ex. G |
| 14.  Defendant uses the name Infinite Energy or Infinite Energy Home Services to market Defendant's Solar energy services. | Def. Ex. H, p. 3, ll. 27-28 – p. 4, ll. 1 |
| 15.  Dictionary definition of "Infinite" is extending indefinitely. | Def. Ex. C, Dictionary Definition "*Infinite*" *Merriam-Webster.com Dictionary*, Merriam-Webster, (Apr. 10, 2023) https://www.merriam-webster.*com/infinite/* |



5

Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| 16. Plaintiff does not provide any services related to whole house surge protector, replacement or upgrade of windows and doors, HVAC, and outdoor deck installation. | Def. Ex. I, p. 4, ll. 10-11 |
| 17. Plaintiff does business in the states of California, Texas, Nevada, Idaho, Florida, Colorado and New Jersey. | Def. Ex. J, p. 10, l. 7; Def. Ex. D, Kelly Dep. 22:19-23:6 |
| 18. Defendant does business in El Dorado County, Placer County, and Sacramento County, the State of California. | Def. Ex. K, p. 3 ll. 26-28, p. 4, ll. 1-8 |
| 19. Plaintiff's Chief Sales Officer, Cameron Kelly has no direct knowledge of inquiries Plaintiff received from third parties attempting to reach Defendant instead of Plaintiff. | Def. Ex. I, p. 5, ll. 7-19 |
| 20. Consumer surveys are important in Lanham Act cases | Def. Ex. M, Expert Harper, ¶ 29 |



6

| | |
|---|---|
| involving consumer confusion. | |
| 21. Plaintiff did not conduct any consumer confusion surveys regarding Plaintiff's Infinity Energy mark in connection with this trademark infringement lawsuit. | Def. Ex. M, Expert Harper, ¶¶ 27, 28, 33, 36<br><br>Def. Ex. D, Kelly Dep. 33:10-18 |
| 22. According to Plaintiff's Person Most Qualified, Cameron Kelly, Plaintiff failed to track any communications displaying customer confusion. | Def. Ex. D, Kelly Dep. 56:7-16 |
| 23. Plaintiff's expert Farrell relies on Farrell's personal computer search in an attempt to show actual consumer confusion in Farrell's expert report about consumer confusion between Plaintiff and Defendant. | Def. Ex. L; Expert Farrell, ¶¶ 18 – 24<br><br>Def. Ex. M, Expert Harper, ¶¶ 42, 44 |
| 24. Plaintiff's expert Farrell believes the words Infinite and Infinity are similar. | Def. Ex. L, Expert Farrell ¶ 12-14 |



7

Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| 25.  Plaintiff's expert opinion relies on a cropped section of the FinanceGuru Post that isolates the term "Infinity" from the overall post which uses the term "Infinite" 12 times about a Florida based company Infinite Energy as evidence of customer's being confused. | Def. Ex. L; Expert Farrell, ¶ 24; <br><br>Def. Ex. M, Expert Harper, ¶ 45 |
| 26.  Plaintiff's expert opinion relies on a 2015 webpage with testimonials for an Australian company named Infinite Energy on which two users use Infinity instead of Infinite to refer to the Australian company references customer's being confused. | Def. Ex. L; Expert Farrell, ¶ 22; <br><br>Def. Ex. M, Expert Harper, ¶ 46 |
| 27.  Plaintiff's expert Farrell's expert report does not define or analyze the relevant marketplace and consumers. | Def. Ex. M, Expert Harper, ¶ ¶ 38, 41 |
| 28.  Plaintiff's expert | Def. Ex. M, Expert Harper, ¶ ¶ |



8

| | |
|---|---|
| Farrell's expert report does not contain a likelihood of confusion survey or polling among consumers. | 33 – 36 |
| 29.  Search result listings are not evidence of people actually being confused. | Def. Ex. M, Expert Harper, ¶ ¶ 40-44 |
| 30.  Plaintiff uses the following website to market its Solar energy services: "https://infinityenergy.com/" | Def. Ex. N |
| 31.  Defendant uses the following website to market its services, "https://www.infiniteenergyco.com/" | Def. Ex. O |
| 32.  Defendant used the name Infinity Energy at some point from 2014 to present. | Def. Ex. H, p. 5, ll. 13-17 |
| 33.  Defendant received revenue from customers while utilizing the name Infinity Energy. | Def. Ex. H, p. 5, ll. 8-12 |



Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| 34.  Plaintiff's designated Plaintiff's Chief Sales Officer Cameron Kelly as the person most qualified to speak as to the facts and circumstances concerning the allegations Plaintiff ("PMQ") made in Plaintiff's First Amended Complaint. | Def. Ex. D, Kelly Depo. 3:10-12; 18:8 – 19:9 |
| 35.  Plaintiff's PMQ is the most qualified person to speak as to insides sales, including internal marketing sales channel, which are the mostly impacted sales channels and have the most issues. | Def. Ex. D, Kelly Depo. 18:13 – 19:9 |
| 36.  Plaintiff's Chief Sales Officer Cameron Kelly has been Plaintiff's Chief Sales Officer since Plaintiff's inception in 2014. | Def. Exh. 5, Kelly Depo. 13:14-19 |
| 37.  Plaintiff provides consumers with information about | Def. Ex. Q |

10



Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment, or in the Alternative, Motion for Partial Summary Judgment

| | |
|---|---|
| Plaintiff's services. | |
| 38. Plaintiff's consumers can enter into a power purchase agreement, solar lease agreement, or a loan agreement with Plaintiff. | Def. Ex. Q<br><br>Def. Ex. R |
| 39. Plaintiff's Banner says "There's never a shortage of solar energy." | Def. Ex. T |
| 40. Defendant's Chief Executive Officer is Richard Walton | Def. Ex. S |
| 41. Plaintiff amended the servicemark to disclaim the word Energy. | Def. Ex. U |
| 42. The marketplace appearance of Plaintiff's service mark is:<br><br>infinity energy | Def. Ex. N |
| 43. The marketplace appearance of Defendant's tradename is: | Def. Ex. V |



11

| | |
|---|---|
|  | |
| 44. Plaintiff's received an email from a third party which mentions "Rich" | Def. Ex. W |
| 45. Plaintiff's solar energy services have an average installation time of 6-8 weeks. | Def. Ex. X |
| 46. Plaintiff provides consultation to potential buyers. | Def. Ex. Q, pg. 2 |
| 47. As Plaintiff PMQ as the facts and circumstances concerning the allegations Plaintiff made in Plaintiff's First Amended Complaint said he can only make assumptions about Defendant's intent and knowledge. He does not know | Def. Ex. D., Kelly Depp. 68:1 – 69:13) |

12

| anyone at Plaintiff who knows Defendant's conduct is willful. | |

DATED: APRIL 24, 2023                    **KROGH & DECKER, LLP**

                                          By: */cagil arel/*
                                          CAGIL AREL
                                          Attorney for Defendant,
                                          Infinite Energy Home Services, Inc.



13